[No. 39322. Department Two. September 21, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT
WHITNEY, *Appellant*.*

*J. W. McArdle* (of *Palmer, Willis & McArdle*) and
*Charles O. Shoemaker, Jr.*, for appellant (appointed coun-
sel for appeal).

*Lincoln E. Shropshire, Benjamin N. Brunner*, and *Bruce
Schultheis*, for respondent.

DONWORTH, J.—Appellant was charged with the crime of
intentionally taking a motor vehicle without the permission
of the owner. He was tried, convicted, and sentenced to a
term of not more than 10 years in a state penal institution.

He was represented both at the trial and on this appeal
by court-appointed counsel. The only evidence in the rec-
ord is that presented by the state, since appellant did not
take the stand or call any witnesses.

*Reported in 431 P.2d 711.

Briefly stated, the state's evidence showed that, at about 3 p.m. on Saturday, February 26, 1966, appellant and another man went to Henry's new and used car lot in Yakima and looked at used cars. The salesman showed them a green 1950 Buick sedan (Washington license No. MAV 702), and subsequently a purchase order and also a credit application were prepared by the salesman in appellant's presence naming him as purchaser, but they were not signed by him because the salesman required a credit approval by the finance company, which could not be obtained until the following Monday. No deposit was made on the car. The purchase price quoted to appellant was $195 plus tax. Appellant then left the premises with the understanding that he was to return on Monday. When the owner of the sales lot arrived there between 9 and 10 o'clock the following morning (Sunday), the car was gone. The Yakima police were notified of the fact. As a result, the state patrol, at about 11 a.m., broadcast an all-points bulletin over its network that a car of the foregoing description had been stolen.

Appellant assigns error as follows:

The Trial Court committed reversible error in allowing Trooper Patrick Wakefield, over timely objection, to testify concerning certain incriminating statements made by the defendant.

Since appellant sets forth but one assignment of error in his brief, we shall not refer to the remainder of the state's evidence other than that relating thereto. Suffice it to say that there was substantial evidence to support the jury's verdict.[1] Appellant does not now contend otherwise.

The evidence pertinent to appellant's single assignment of error is as follows:

On Sunday, February 27, 1966, Trooper Howard Van Leuven, accompanied by Radio Dispatcher Patrick Wakefield, was patrolling on Highway 10 west of Ellensburg.

---

[1]The trial was interrupted for a period of 5 months and 20 days while this court heard and disposed of a writ of certiorari applied for by the state. See *State v. Whitney*, 69 Wn.2d 256, 418, P.2d 143 (1966).

When they reached a point just east of Cle Elum, Trooper Van Leuven turned the highway patrol car around and started east toward Ellensburg. Wakefield had previously received a radio report that a green 1950 Buick sedan bearing Washington license No. MAV 702 had been stolen. He advised Van Leuven of the receipt of this report and the latter made note of the license number and description of the car.

When Van Leuven and his companion reached a point about 10 miles west of Ellensburg on Highway 10, they observed the motor vehicle above referred to parked on the side of the highway facing east. There was no one in or near the car. They stopped and examined the vehicle (there was no key in the ignition slot). Van Leuven reported on the police radio that he had located the stolen car. He requested that a wrecker be dispatched to the scene to tow it into Ellensburg.

The two officers then proceeded in the direction of Ellensburg in their patrol car. About half a mile east of, and out of sight of, the car, they first saw appellant walking along the side of the road in the same direction. This was about 2:20 p.m.

Trooper Van Leuven testified that:

Q. . . . And did you observe anything as you proceeded east? A. Yes. Q. What did you observe? A. I observed a man walking eastbound about a half mile from the car. Q. I see. And what happened, if anything, as you approached? A. Well, there was a guardrail on my right side, so I could not pull off the roadway. However, I looked in my mirror and there was no traffic behind me and I stopped right on the roadway, rolled down the window and said to that man: "What's the matter?" and he said: "I ran out of gas back there." I said, "That green car?" and he said, "Yes." I reached around and opened the door to let him in the back seat. I went down the road approximately 200 feet where I could pull off the roadway, then I pulled off the roadway and got out of the car, opened up his door and advised the man he was under arrest on the suspicion of auto theft, and that that green car back there was stolen. Q. What did he say? A. He said: "I don't know anything about that green car

back there." Q. What did you do then? A. I got him out of the car, searched him, put my handcuffs on him and let him get back in the car. We then went back up to the Buick and waited for the wrecker to arrive.

No error is assigned to the admission of testimony of Trooper Van Leuven relative to his overtaking appellant when the latter was walking along the highway and as to what was said by the trooper and appellant when they first met.[2] His testimony on direct and cross-examination is included in some 19 pages of the statement of facts. Near the close of the trooper's testimony, appellant's counsel (in the absence of the jury) made a motion for an order dismissing the case because the evidence brought in through the lips of the witness Van Leuven, being an effort on the part of the state to show guilt, was inadmissible for lack of advice as to appellant's constitutional rights as required by *Escobedo v. Illinois*, 378 U. S. 478, 12 L. Ed. 2d 977, 84 Sup. Ct. 1758 (1964); *Miranda v. Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694, 86 Sup. Ct. 1602 (1966), and *United States ex rel. Russo v. New Jersey*, 351 F.2d 429 (1965), *cert. denied* 384 U. S. 1012, 16 L. Ed. 2d 1018, 86 Sup. Ct. 1916 (1966). After hearing argument from counsel for the state and appellant, the trial court denied the motion with leave to renew it at the conclusion of the state's case.

Appellant renewed his motion at that time, and the trial court again denied it. No error is assigned to the denial of these motions, so we do not consider this ruling.

Appellant's sole assignment of error is that the trial court committed reversible error in permitting Radio Dispatcher Wakefield, over timely objection, to testify concerning certain incriminating statements made by appellant.

The testimony of Radio Dispatcher Wakefield quoted in appellant's brief is, in substance, that, as he and Trooper Van Leuven approached appellant in their patrol car,

---

[2]Appellant states in his brief that he does not concede that his objection to Van Leuven's testimony was untimely. This is now immaterial since no error has been assigned to its admission. That question is not before us.

Trooper Van Leuven asked appellant what was the matter, and he stated that he had run out of gas. The officer then said: "You mean that green car back up on the hill?" Appellant responded in the affirmative.

Radio Dispatcher Wakefield also testified that, at the time in question, it was snowing and that it was very cold.

Trooper Van Leuven had previously testified in detail as to this incident, and Radio Dispatcher Wakefield's testimony was merely corroborative of Van Leuven's detailed description of their meeting with appellant and what had happened between then and the time that appellant was booked at the Kittitas County jail some 2 hours later.

■ Since appellant does not consider the admission of Trooper Van Leuven's testimony in this case, over his objection, to be reversible error, we are unable to perceive how the admission of Radio Dispatcher Wakefield's corroboration can constitute ground for reversal. The jury already had heard Van Leuven's testimony. Appellant offered no contrary evidence, so, even if the trial court had held inadmissible that portion of the corroborative testimony of Wakefield to which appellant has assigned error, there would still have been ample evidence of guilt to go to the jury. We think that this is one of those rare instances where we can say with some assurance that, even assuming that error was committed as claimed by appellant, it was not reversible error because it could not have affected the result of the trial.

Appellant finally argues that Van Leuven's use of the word "suspicion" on his cross-examination brings this case within the rule of *Escobedo v. Illinois, supra,* and, since appellant had not been advised of his constitutional rights prior to the conversation with the officers, the testimony regarding his incriminating statements was not admissible. The context in which the word "suspicion" was used by Trooper Van Leuven was as follows:

Q. The suspicion that "this" defendant had stolen "this" vehicle, when did you get that suspicion, as soon as you saw him walking along the road? A. From—first of all

from the fact that— Q. — No. When did you have this suspicion? When did the germ of suspicion — A. — I suspected him when I saw him moving away from the car. Q. Right then. He was suspect right then? It is possible. Q. He was near the car, less than a mile away, according to you? A. It is possible.

 We can see no analogy between the situation existing in this case and the custodial interrogation of *Escobedo*.[3] Appellant was, at the time, in no way deprived of his freedom of action.

Since, for the reasons stated above, we are of the opinion that appellant's sole assignment of error is without merit, the judgment and sentence of the trial court is hereby affirmed.

FINLEY, C. J., HILL and HAMILTON, JJ., and SHORETT, J. Pro Tem., concur.

---

[3]The requirements of *Miranda v. Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694, 86 Sup. Ct. 1602 (1966), are not directly applicable to the case at bar, which was commenced on May 4, 1966. See *Johnson v. New Jersey*, 384 U. S. 719, 16 L. Ed. 2d 882, 86 Sup. Ct. 1772 (1966), under which *Miranda* was held to be directly applicable only to cases in which the trial commenced prior to June 13, 1966. However, no different result would be reached in the present case even if *Miranda* were applicable.